**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**

**COURT OF APPEAL, THIRD CIRCUIT**

**21-538**

**STATE OF LOUISIANA**

**VERSUS**

**MICHAEL CALVIN DUHON**
**A/K/A MICHAEL C. DUHON**
**A/K/A MICHAEL DUHON**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR-164436
HONORABLE MARILYN C. CASTLE, JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**J. LARRY VIDRINE\***
**JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John E. Conery, Jonathan W. Perry, and J. Larry Vidrine,
Judges.

**SENTENCES AFFIRMED. MOTION
TO WITHDRAW GRANTED.**

_____

\*Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana
Supreme Court as Judge Pro Tempore.

**Donald Dale Landry**
**District Attorney**
**15th Judicial District**
**Kenneth P. Hebert**
**Assistant District Attorney**
**P. O. Box 3306**
**Lafayette, LA 70501**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Meghan Harwell Bitoun**
**Louisiana Appellate Project**
**P.O. Box 4252**
**New Orleans, LA 70119**
**(504) 470-4779**
**COUNSEL FOR APPELLANT:**
    **Michael Calvin Duhon**

**Michael Calvin Duhon, Pro Se**
**DOC #741355**
**Lafayette Parish Correctional Center #4A-9B**
**P. O. Box 2537**
**Lafayette, LA 70502-2537**

**VIDRINE, Judge Pro Tempore.**

Defendant, Michael Calvin Duhon, was charged by bill of information with one count of theft over $25,000, in violation of La.R.S. 14:67; one count of money laundering, in violation of La.R.S. 14:230; and one count of exploitation of the infirmed, in violation of La.R.S. 14:93.4. Following a jury trial, Defendant was found guilty as charged on the theft and money laundering counts but was acquitted of exploitation of the infirmed. Defendant was subsequently sentenced to fifteen years at hard labor on each conviction, with his sentences to run concurrently and all but eleven years suspended with three years of supervised probation. Defendant appealed, asserting four counseled assignments of error and fourteen pro se assignments of error. This court affirmed Defendant's convictions but vacated the sentences and remanded for resentencing after finding the trial court's failure to specify to which counts the probationary period applied was an error patent. *State v. Duhon*, 19-639 (La.App. 3 Cir. 4/1/20), 297 So.3d 892, *writ denied*, 20-479 (La. 11/10/20), 303 So.3d 1036, *and writ denied*, 20-672 (La. 11/10/20), 303 So.3d 1040 ("*Duhon I*").

At resentencing, the trial court again imposed fifteen-year sentences on each count, ran them concurrently, suspended four years, and clarified that each count would have three-year probationary periods that ran concurrently with each other and parole. Furthermore, the trial court again ordered Defendant to pay restitution in the amount of $331,500.00, amongst other special conditions of probation. The court also entered a civil money judgment for restitution based upon La.Code Crim.P. art. 895.1. Although appellate counsel filed a brief seeking to be released as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), and

*State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241, this court again vacated the sentences and remanded:

> Defendant's sentences are vacated as indeterminate, and the case is remanded for resentencing. The trial court is instructed that if restitution is again imposed, the trial court must specify to which count or counts it applies. Additionally, the trial court should clearly state whether restitution is imposed as part of the sentence(s) or as a condition of probation.
>
> Since the December 9, 2019 "Civil Money Judgment of Restitution" is no longer based on a legal restitution order, that judgment is also vacated. The trial court is instructed that any civil money judgment issued in this case should be issued pursuant to the appropriate Louisiana Code of Criminal Procedure Articles; La.Code Crim.P. art. 895.1 if it is imposed as a condition of probation, and La.Code Crim.P. arts. 883.2 and 886 if it is imposed as part of the sentence(s). The parties are ordered to seek cancellation of the judicial mortgage created by the civil money judgment as provided by law. La.Civ.Code art. 3337.

*State v. Duhon*, 20-513, pp. 38-39 (La.App. 3 Cir. 5/26/21), 322 So.3d 326, 346 ("*Duhon II*").

Defendant was once again resentenced on August 3, 2021. The trial court again ordered Defendant to serve fifteen years at hard labor with four years suspended on each count with the two sentences running concurrently to each other. The suspended sentences are both conditioned on three years of supervised probation which are to run concurrently to each other and to Defendant's parole obligations. Defendant is also ordered to pay restitution in the amount of $331,500.00, which the court specified was part of Defendant's sentence for Defendant's theft conviction. Additionally, the trial court ordered the District Attorney's Office to cancel the previously obtained civil money judgment and to seek a new judgment as allowed under La.Code Crim.P. art. 883.2.

Appellate counsel has once again filed an *Anders* brief and sought to be released as counsel of record, noting the trial court resentenced Defendant in

2

accordance with this court's May 26, 2021 opinion and that Defendant cannot seek review of his conviction as this appeal is limited to the issue of Defendant's resentencing.

Defendant filed a pro se brief raising sixteen assignments of error. We find none of these assignments have merit: some are moot as they attack Defendant's conviction, which was already affirmed, and many are based upon Defendant's incorrect belief the trial court cannot resentence him when this court has vacated his previous sentence. Although Defendant's pro se brief does not contain an assignment of error section setting out his assignments, he outlines the following sixteen alleged errors:

1.  The trial court erred in suspending part of Defendant's sentence after the commencement of his hard labor sentence.

2.  The trial court erred in ordering restitution to Marie Dutsch.

3.  The trial court erred in ordering an amount of restitution to Marie Dutsch that exceeded $26,000.

4.  The trial court erred in ordering an amount of restitution so large Defendant is destined to fail.

5.  The trial court erred in ordering the parolee to "new" probation on August 3, 2021.

6.  The trial court erred when it failed to establish a payment plan for fees ordered as a condition of probation.

7.  The trial court erred in ordering restitution at all, much less an egregious amount of $351,500 for an indigent defendant related to his theft conviction.

8.  The trial court erred in ordering restitution to her friend, Marie Dutsch, instead of the victim listed in the bill of indictment for money laundering.

9.  The trial court erred in ordering restitution in the amount of $351,500 without a restitution hearing.

3

10. The trial court erred in not addressing Defendant's motion for new trial based upon new *Brady* evidence purposely withheld from Defendant.

11. The trial court erred in not addressing Defendant's "Motion in Arrest of Judgment."

12. The trial judge erred in intentionally committing fraudulent judicial acts based on the State of Louisiana Uniform Commitment Order.

13. The trial judge erred by not removing herself from sentencing proceedings while being involved in personal and civil litigation with Defendant and committed perjury.

14. The trial court erred in giving Defendant an indeterminate sentence.

15. The trial court erred by not following this court's explicit order to remove the December 9, 2019 illegal judgment of $351,500 against Defendant.

16. Defendant Requests under La.Code Crim.P. art. 881.4(B) that this court remand the case for resentencing before a different trial judge.

## FACTS:

This court put forth the following factual history in Defendant's first appeal:

In this criminal matter, Defendant, Michael Calvin Duhon, stole more than $400,000.00 in land and retirement funds from the victim, Marie Dutsch. Defendant's theft involved a complex financial scheme whereby he moved the money through shell corporations and different bank accounts to conceal the funds' source. As a result, Defendant was charged by bill of information with one count of theft over $25,000.00 in violation of La.R.S. 14:67, one count of money laundering in violation of La.R.S. 14:230(B)(5) and (E)(4), and one count of exploitation of the infirmed in violation of La.R.S. 14:93.4. Following a jury trial in February 2019, Defendant was acquitted of the charge of exploitation of the infirmed but found guilty regarding the remaining two offenses. For each offense, the trial court sentenced Defendant to serve fifteen years at hard labor to run concurrently, with all but eleven years suspended. He was placed on active supervised probation for three years subject to certain conditions.

*Duhon*, 297 So.3d at 894-95.

## ERRORS PATENT:

4

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## *ANDERS* ANALYSIS:

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the analysis based on *Anders*, 386 U.S. 738:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *Jyles*, 704 So.2d at 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983); quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 1903 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241 (citing

5

*U.S. v. Pippen*, 115 F.3d 422 (7th Cir. 1997). Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

As noted by counsel, this court has already reviewed Defendant's convictions and upheld them in *Duhon I*. The only issue before this court is Defendant's August 3, 2021 resentencing as a result of this court's opinion in *Duhon II*. We note the trial court clarified that the order of restitution was imposed as a part of Defendant's sentence for theft over $25,000 and was not a condition of probation. Additionally, the trial court followed this court's instructions and ordered the prior civil money judgment be cancelled. As there are no errors patent, we find no frivolous issues to be raised at this time based upon Defendant's sentence as re-imposed on August 3, 2021.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. Our review has revealed no issues that would support an assignment of error on appeal. Therefore, we grant appellate counsel's motion to withdraw.

**DEFENDANT'S PRO SE ASSIGNMENTS OF ERROR:**

As previously noted, Defendant outlines sixteen alleged errors. The first seven of these alleged errors rely on Defendant's argument that because he was originally sentenced for his felony convictions on July 18, 2019, the trial court had no authority to alter his sentences once he began to serve them under La.Code Crim.P.art. 893(D), which states that "[e]xcept as otherwise provided by law, the court shall not suspend a felony sentence after the defendant has begun to serve the sentence." We note

Defendant's argument would mean that no trial court could ever resentence a defendant convicted of a felony, even when an appellate court vacates the prior sentence. In short, all of these claims fail because once this court vacated Defendant's prior sentences, he could not have begun to serve the sentences because they no longer existed. As such, Defendant's first seven outlined errors have no merit.

Defendant's eighth alleged error is that the trial court erred in ordering restitution to Marie Dutsch instead of the victim listed in the bill of information. The only victim listed in the bill of information is Marie Dutsch. Accordingly, Defendant's claim lacks merit.

Defendant's ninth alleged error is that he was sentenced to restitution without the trial court holding a restitution hearing, in violation of La.Code Crim.P. art. 875.1. The record contradicts Defendant's claim. In docket number 19-639, made an exhibit to this appeal, a hearing on the issue of restitution was held on July 18, 2019. Although Defendant was sentenced that day, there was a prior hearing on sentencing on May 23, 2019, and the primary purpose of the July 18, 2019 hearing was to determine the amount of restitution due to Ms. Dutsch. As such, Defendant's argument lacks merit.

Defendant's tenth alleged error claims the trial court failed to respond to motions he filed prior to sentencing and that the trial judge committed judicial fraud because the motions "disappeared." The motions Defendant references were disposed of by the trial court on August 9, 2021. The trial court denied Defendant's motions on the ground that Defendant's conviction had already been through the appeals process and had been affirmed. The trial court was correct to deny the motions. Defendant raised a claim that he was denied material evidence under *Brady*

7

*v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963) as a pro se assignment of error on his original appeal; additionally, his contention that his trial was unconstitutional because there was a twelve-person jury instead of a six-person jury was raised and dismissed on appeal where this court noted the twelve-person jury was allowed by La.Code Crim.P. art. 493.2, and the jury issued a unanimous verdict. *See Duhon*, 297 So.3d at 912. Finally, the issue of the validity of Defendant's conviction was not before the trial court as the only issue remanded was sentencing. In light of the above, this claim lacks merit.

In his eleventh assigned error, Defendant contends the trial court erred in not addressing his "Motion in Arrest of Judgment." Again, that motion was denied by the trial court on August 9, 2021. Defendant contends there was no valid bill of indictment filed in the case, that the wrong victim was listed for the money laundering charge, and that his convictions violated double jeopardy. As previously noted, the original bill of information was amended on February 4, 2019. Additionally, no victim was listed for the charge of money laundering. Finally, Defendant argued his double jeopardy claim to this court on his original appeal, and this court found there was no violation of double jeopardy. *See Duhon*, 297 So.3d at 909-10. Accordingly, there is no merit to this claim.

In his twelfth assigned error, Defendant contends the trial court intentionally committed judicial fraud each time it filed a Uniform Commitment Order in order to "hide the UNFILED BILL from this Honorable Court." The amended bill of information is in fact contained in the record of Defendant's trial. As such, there is no merit to this argument.

Defendant's thirteenth assignment of error claims the trial judge erred in not recusing herself from sentencing Defendant on July 31, 2020, and August 3, 2021,

8

due to litigation filed by Defendant against the trial judge following her decision to duct-tape his mouth shut at his original restitution and sentencing hearing on July 18, 2019. Defendant does not actually claim that he ever filed a motion to recuse Judge Castle from his case, and we have not found any such motion in the record. As such, Defendant's claim is meritless.

Defendant's fourteenth assigned error is that the trial court gave him an indeterminate sentence when it resentenced him to concurrent, partially suspended sentences. Although Defendant quotes a portion of the transcript in which the trial court incorrectly stated all but fifteen years of his fifteen-year sentences were suspended, the court subsequently clarified that the sentences were fifteen years at hard labor with all but eleven years suspended. Like Defendant's first seven assignments of error, this claim is predicated on his false belief that a trial court cannot resentence him after this court vacates his prior sentence and, therefore, lacks merit.

In Defendant's fifteenth assignment of error, he contends the trial court did not follow this court's order to remove the civil money judgment previously granted against him to allow the victim to recover restitution. At Defendant's resentencing on August 3, 2021, the trial court expressly ordered that the prior civil money judgment be canceled and that a new judgment could be sought sixty days after the trial court's ruling if Defendant did not make efforts to fulfil his restitution obligations. As the record expressly contradicts Defendant's claim, this assignment of error lacks merit.

In his final alleged error, Defendant requests that this court remand for "resentencing before a judge other than the judge who imposed the initial sentence." *See* La.Code Crim.P. art. 881.4(B). Having found no merit in any of Defendant's

9

fifteen other alleged errors, there is no need to remand for resentencing, either before Judge Castle or any other trial judge. This claim lacks merit.

**DECREE:**

Given the lack of merit to Defendant's claims, we affirm his sentences. Further, we grant appellate counsel's motion to withdraw.

**SENTENCES AFFIRMED. MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.

Uniform Rules– Courts of Appeal, Rule 2–16.3.